**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| D. H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA, | CIVIL ACTION NO.  1:17-cv-03430-MHC |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| v. | |
| AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA, and STEPHENIE LUCIA, | |
| Defendants. | |

**Joint Preliminary Report and Discovery Plan**

Pursuant to Local Rule 16.2, N.D. Ga., Plaintiff D.H. Pace Company, Inc. and Defendants Aaron Overhead Door Atlanta LLC, Jeremy Ryan Lucia, and Stephenie Lucia (collectively, "Defendants") submit the following Joint Preliminary Report and Discovery Plan.

1.    **Description of Case:**

(a)  **Describe briefly the nature of this action.**

Plaintiff asserts claims against Defendants for unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"), for deceptive trade practices under the Georgia Uniform Deceptive Trade Practices

1

Act, O.C.G.A. § 10-1-370 *et. seq.*, for unfair competition in violation of O.C.G.A.

§ 23-2-55 and the common law of Georgia, for trademark infringement under the

common law of Georgia, and for false or misleading advertising in violation of the

Lanham Act and O.C.G.A. § 10-1-421. Defendants deny that they are liable for

any of Plaintiff's claims and have asserted numerous affirmative defenses,

including but not limited to defenses alleging that one or more of Plaintiff's claims

are barred: because Plaintiff's claims lack good faith; by the doctrine of unclean

hands; based on violation of the Sherman Act; because Plaintiff does not own

protectable trademark or trade name rights; because the words and terms identified

by Plaintiff are merely descriptive and lack secondary meaning; because the words

and terms identified by Plaintiff are generic; by the doctrines of fair use,

nominative use and/or descriptive fair use; by abandonment of any trademark or

trade name at issue; by reason of other parties' use of any trademarks, trade names,

terms and/or colors at issue; by Plaintiff's fraudulent and/or misleading use of the

trademark registration symbol; because Defendants have not infringed any

applicable trademarks or protectable trade names under federal or state law;

because any infringement, if any, was innocent; by the applicable statutes of

limitation; because Plaintiff's damages, if any, were not caused by Defendants;

because there has been no damage in any amount, manner or at all by reason of any

act alleged against Defendants in the Complaint; because some or all of the relief demanded would, if granted, result in a fundamental alteration to the way that Defendants provide goods and services to the public, or is otherwise not required as a matter of law; by the collateral use doctrine; because injunctive relief is unavailable since Plaintiff cannot show that it will suffer an irreparable harm from Defendants' actions; because of a failure to mitigate damages, if such damages exist; by the First Amendment to the Constitution of the United States; because Defendants lack the requisite intent; because any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong; and because Defendants are not liable for the acts of others over whom they have no control.

(b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff contends that it has long offered garage door products, services, and repairs in the greater metropolitan Atlanta area and surrounding counties under the trade name and trademark "Overhead Door Company of Atlanta." Plaintiff contends that as a result of longstanding and extensive use, advertising, and sales, it owns valuable common law rights throughout the greater metropolitan Atlanta area and surrounding counties in the trade name and trademark "Overhead Door Company of Atlanta."

3

Defendants also offer garage door products, services, and repairs in the greater metropolitan Atlanta area and surrounding counties. Plaintiff contends that, in connection with their business, Defendants are using trade names and trademarks, as set forth in detail the Complaint, that are likely to cause consumer confusion. Plaintiff contends it is being harmed by Defendants' actions.

Defendants deny that Plaintiff owns protectable rights in the trade name "Overhead Door Company of Atlanta." Defendants further deny that they are infringing any rights that may be owned by Plaintiff and deny that they are engaging in unfair competition, trademark infringement, false advertising, or deceptive trade practices. Defendants also deny that Plaintiff is being harmed by any of Defendants' actions.

(c) **The legal issues to be tried are as follows:**

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in "Overhead Door Company of Atlanta";

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in "Overhead" and "Door(s)" with a geographic term;

- whether and to what extent Plaintiff owns trademark and/or

protectable trade name rights in "Overhead" and "Door(s)" with any of "Georgia" "Atlanta," "National," "Buford," "Banks," "Barrow," "Barton," "Bartow," "Butts," "Carroll," "Cherokee," "Clarke," "Clayton," "Cobb," "Coweta," "DeKalb," "Dawson," "Douglas," "Elbert," "Fannin," "Floyd," "Franklin," "Forsyth," "Fulton," "Gilmer," "Greene," "Gwinnett," "Habersham," "Hall," "Haralson," "Hart," "Heard," "Henry," "Jackson," "Jasper," "Lamar," "Lumpkin," "Madison," "Morgan," "Newton," "Oconee," "Oglethorpe," "Paulding," "Pickens," "Pike," "Polk," "Rockdale," "Spalding," "Stephens," "Walton" and "White";

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in the combination of "Overhead" and "Door(s)" with the word "Company" or "Co.";

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in the words "Overhead" and "Door" in a red font;

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in the words "Overhead" and "Door" in arched letters;

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in the words "Overhead" and "Door" emphasized;

- whether and to what extent Plaintiff owns trademark and/or protectable trade name rights in "overhead," "door(s)," "company," and/or "Atlanta";

- whether Defendants are liable for unfair competition under the Lanham Act;

- whether Defendants are liable for deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et. seq.*;

- whether Defendants are liable for unfair competition under O.C.G.A. § 23-2-55;

- whether Defendants are liable for unfair competition and/or trademark infringement under the common law of Georgia;

- whether Defendants are liable for false advertising under the Lanham Act;

- whether Defendants are liable for false advertising under O.C.G.A. § 10-1-421;

- if Defendants are liable on any of the above claims, whether Plaintiff is entitled to relief and the extent of that relief;

- whether some or all of Plaintiff's claims lack good faith;

- whether some or all of Plaintiff's claims are barred by the doctrine of unclean hands;

- whether Plaintiff has violated the Sherman Act;

- whether Plaintiff owns protectable trademark or trade name rights;

- whether the words and terms identified by Plaintiff in the Complaint are merely descriptive and lack secondary meaning;

- whether the words and terms identified by Plaintiff in the Complaint are generic;

- whether the doctrines of fair use, nominative use and/or descriptive fair use bar some or all of Plaintiff's claims;

- whether some or all of Plaintiff's claims are barred by abandonment of any trademark or trade name at issue;

- whether some or all of Plaintiff's claims are barred by reason of other parties' use of any trademarks, trade names, terms and/or colors at issue;

- whether some or all of Plaintiff's claims are barred by Plaintiff's

fraudulent and/or misleading use of the trademark registration symbol;

- whether some or all of Plaintiff's claims are barred because Defendants have not infringed any applicable trademarks or protectable trade names under federal or state law;

- whether some or all of Plaintiff's claims are barred because any infringement, if any, was innocent;

- whether some or all of Plaintiff's claims are barred by the applicable statutes of limitation;

- whether some or all of Plaintiff's claims are barred because Plaintiff's damages, if any, were not caused by Defendants;

- whether some or all of Plaintiff's claims are barred because there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint;

- whether some or all of Plaintiff's claims are barred because some or all of the relief demanded would, if granted, result in a fundamental alteration to the way that Defendants provide goods and services to the public, or is otherwise not required as a matter of law;

- whether some or all of Plaintiff's claims are barred by the collateral use doctrine;

- whether some or all of Plaintiff's claims are barred because injunctive relief is unavailable since Plaintiff cannot show that it will suffer an irreparable harm from Defendants' actions;

- whether some or all of Plaintiff's claims are barred because of a failure to mitigate damages, if such damages exist;

- whether some or all of Plaintiff's claims are barred by the First Amendment to the Constitution of the United States;

- whether some or all of Plaintiff's claims are barred because Defendants lack the requisite intent;

- whether some or all of Plaintiff's claims are barred because any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong; and

- whether some or all of Plaintiff's claims are barred because Defendants are not liable for the acts of others over whom they have no control.

(d)    The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:

        None.

(2)    Previously Adjudicated Related Cases:

- *AOD Group, LLC v. D.H. Pace Company, Inc.*, Civ. Action No. 2011-cv-01288, N.D. Ga.

- D.*H. Pace Company, Inc. v. AOD Group, LLC et al.*, Civ. Action No. 2012-cv-03854, N.D. Ga.

- *D.H. Pace Company, Inc. v. Stephens et al.*, Civ. Action No. 2010-cv-01524, N.D. Ga.

- *D.H. Pace Company, Inc. v. American Overhead Garage Doors, Inc. et al.*, Civ. Action No. 2010-cv-01523, N.D. Ga.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1)   Unusually large number of parties
_____ (2)   Unusually large number of claims or defenses
_____ (3)   Factual issues are exceptionally complex
_____ (4)   Greater than normal volume of evidence
__X_ (5)   Extended discovery period is needed
_____ (6)   Problems locating or preserving evidence
_____ (7)   Pending parallel investigations or action by government
__X_ (8)   Multiple use of experts
_____ (9)   Need for discovery outside United States boundaries
_____ (10)  Existence of highly technical issues and proof
_____ (11)  Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: **R. Charles Henn Jr., Ga. Bar No. 347098**

Defendant: **Samantha R. Mandell, Ga. Bar No. 141689**

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes         __X__ No

**5.    Parties to This Action:**

(a)  **The following persons are necessary parties who have not been joined:**

The parties are not presently aware of any necessary parties who have not

been joined.

(b)  **The following persons are improperly joined as parties:**

Plaintiff is not aware of any such parties. Defendants contend that Defendant

Stephenie Lucia is improperly joined because she is only an employee of

Defendant Aaron Overhead Door Atlanta LLC.

(c)  **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

(d)  **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not currently anticipate that any amendments to the pleadings will be necessary but reserve the right to amend their pleadings in accordance with Fed. R. Civ. P. 15 and L.R. 15.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) ***Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**
(b) ***Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

(c) ***Other Limited Motions***: **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) ***Motions Objecting to Expert Testimony:*** **Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

## 8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will file their initial disclosures in accordance with Fed. R. Civ.

P. 26(a)(1) on or before November 3, 2017.

## 9.    Request for Scheduling Conference:

The parties do not request a scheduling conference with the Court.

## 10.   Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- The protectability of Plaintiff's trade name "Overhead Door Company of Atlanta," and "overhead," "door," "company," "co.," "Atlanta," "Georgia," "National," and the name of any of the cities or counties in the Greater Atlanta Area;

- Plaintiff's trademark rights;

- Defendants' alleged adoption and use of Plaintiffs' trade name and/or confusingly similar iterations thereof;

- The nature of the parties' businesses, goods, and services, and the parties' respective channels of trade;

- The parties' respective consumers;

- The parties' advertising and promotion of their goods and services;

- Defendants' sales, revenue, and profits;

- Defendants' intent and knowledge of in carrying out its alleged use of confusingly similar iterations of Plaintiff's trade name "Overhead Door Company of Atlanta";

- The likelihood of confusion stemming from Defendants' use of trademark(s) and trade name(s) that allegedly are confusingly similar to Plaintiff's trade name "Overhead Door Company of Atlanta,";

14

- Actual confusion relating to Defendants' alleged use of confusingly similar iterations of Plaintiff's trade name "Overhead Door Company of Atlanta";

- Harm to Plaintiff, including any damages; and

- Defendants' affirmative defenses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties anticipate that an additional four (4) months will be required to complete discovery beyond the four (4) month discovery track set forth for trademark and copyright cases in Appendix F to this Court's Local Rules. The parties believe this additional time will be required because there are numerous causes of action in this matter, and this case will likely will involve the use of multiple expert witnesses. The parties also request bifurcated discovery so that fact discovery can occur in advance of expert discovery.

The parties have agreed to the following proposed discovery schedule:

| | |
|---|---|
| Fact discovery close | 4/6/2018 |
| Initial expert reports (by party bearing burden of proof on an issue) | 5/4/2018 |
| Responsive expert reports (by party not bearing burden of proof) | 6/1/2018 |

| | |
|---|---|
| Rebuttal expert reports (optional; to address any new issues raised in reports served by the party not bearing burden of proof) | 6/15/2018 |
| Expert discovery close | 7/13/2018 |
| Dispositive motions deadline | 8/13/2018 |

**11.  Discovery  Limitation  and  Discovery  of  Electronically  Stored Information:**

(a) **What  changes  should  be  made  in  the  limitations  on  discovery imposed  under  the  Federal  Rules  of  Civil  Procedure  or  Local  Rules  of  this Court, and what other limitations should be imposed?**

The parties do not anticipate needing to make any changes to the limitations on discovery imposed under the Rules, but reserve the right to revisit this issue as discovery proceeds.

(b) **Is any party seeking discovery of electronically stored information?**

<u>    X    </u> Yes – All parties          <u>          </u> No

If "yes,"

(1) **The  parties  have  discussed  the  sources  and  scope  of  the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

None.

(2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have agreed to exchange their preferred format(s) for production of ESI and will negotiate in good faith to the extent there exist any disagreements concerning format. In the absence of agreement, the parties will request a scheduling conference.

## 12.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Because the case will likely involve discovery of proprietary information, the parties will jointly submit for the Court's review and entry a proposed protective order under Fed. R. Civ. P. 26(c).

## 13.   Settlement Potential:

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>Thursday, October 19, 2017</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

The parties further state that they and their counsel engaged in settlement negotiations prior to the Rule 26(f) conference.

For plaintiff: Lead counsel (signature): <u>/s/ R. Charles Henn Jr.</u>

Other participants: Jennifer Fairbairn Deal

For defendant: Lead counsel (signature): /s/ Samantha R. Mandell

Other participants: Lisa C. Pavento

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___X___) A possibility of settlement before discovery.
(___X___) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)  Counsel(___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not been scheduled at this time, but the parties will hold such a conference on or before February 9, 2017.

(d)  The following specific problems have created a hindrance to settlement of this case.

None.

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b)  The parties (___X___) do not consent to having this case tried before

18

a magistrate judge of this Court.

Respectfully submitted this 31st day of October 2017,

*/s/R. Charles Henn Jr.*
_____

R. Charles Henn Jr.
Georgia Bar No. 347098
Jennifer Fairbairn Deal
Georgia Bar No. 940527
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530
(404) 815-6500
(404) 815-6555 (fax)
Email: chenn@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Counsel for Plaintiff*

*/s/Samantha R. Mandell*
_____

Michael C. Kendall
Georgia Bar No. 414030
Samantha R. Mandell
Georgia Bar No. 141689
KENDALL LAW GROUP, LLC
3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone: (770) 577-3559
Facsimile: (770) 577-8113
mckendall@kendall-lawgroup.com
srmandell@kendall-lawgroup.com

Lisa C. Pavento
Georgia Bar No. 246698
MEUNIER CARLIN & CURFMAN
LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
lpavento@mcciplaw.com

*Counsel for Defendant*