IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA and STEPHENIE LUCIA,<br><br>    Defendants. | Civil Action<br>File No.  1:17-cv-03430-MHC |

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNTS VI AND
VII OF PLAINTIFF'S AMENDED COMPLAINT (LIBEL AND SLANDER)**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1B(1) of

this Court, Defendants file their Statement of Undisputed Material Facts in Support

of their Motion for Partial Summary Judgment.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.

Plaintiff's libel and slander claims are based on the following paragraph of Plaintiff's Amended Complaint, as retroactively edited after discovery was sought as to same:

> On information and belief, Defendants have falsely and/or misleadingly, intentionally, and maliciously, both orally and in writing, informed consumers (including former and potential customers of Pace) that Pace is a Japanese company or a Japanese-owned company and/or that ODC is a Japanese company. On information and belief, these false and/or misleading, intentional, and malicious statements regarding Pace and ODC are likely to deceive consumers and have a material effect on consumers' decisions to purchase Defendants' services, particularly those consumers who are looking to use an American company ~~or purchase goods made in America~~. On information and belief, these false and/or misleading, intentional, and malicious statements regarding Pace and ODC are likely to injure Pace's reputation and expose it to public hatred, contempt, or ridicule, and are in reference to and calculated to injure Pace in its trade, office, or profession.

(*See* ECF No. 72 ¶ 35.)

2.

There is nothing contemptuous about being a Japanese company or being owned by a Japanese Company.    (*See* Pl.'s Resp. to Req. to Admit Nos. 6-7, attached hereto as Exhibit A.)

3.

There is nothing hateful about being a Japanese company or being owned by a Japanese Company.   (*See* Pl.'s Resp. to Req. to Admit Nos. 8-9, attached hereto as Exhibit A.)

4.

There is nothing about being a Japanese company or being owned by a Japanese Company that subjects a company to ridicule.   (*See* Pl.'s Resp. to Req. to Admit Nos. 10-11, attached hereto as Exhibit A.)

5.

Plaintiff has not spoken with any consumer whose decision as to whether to purchase Plaintiff's products or services was affected by alleged statements that Plaintiff or Overhead Door Corporation is a Japanese company or a Japanese-owned company.   (*See* Pl.'s Resp. to Req. to Admit No. 19, attached hereto as Exhibit A.)

6.

Plaintiff has not spoken with any consumer whose decision as to whether to purchase Defendants' products or services was affected by alleged statements that Plaintiff or Overhead Door Corporation is a Japanese company or a Japanese-

owned company.   (*See* Pl.'s Resp. to Req. to Admit No. 20, attached hereto as

Exhibit A.)

7.

Plaintiff relies on three consumers to support its claims for libel and slander.

(*See* 30(b)(6) Tr. 23:11-21, 27:7-12; 34:19-35:4, attached hereto as Exhibit B.)

Plaintiff did not think it was necessary to speak with any of these persons to

determine whether Defendants' alleged statements had anything to do with a

decision as to whether to utilize Plaintiff's products or services.  (*See* 30(b)(6) Tr.

20:4-8, attached hereto as Exhibit B.)

8.

Yet, Plaintiff freely admits that there are a number of reasons why a

customer may not be a repeat customer that are unrelated to the nationality of the

company.   (*See* 30(b)(6) Tr. 21:7-19 (e.g., pricing, discontentedness with service,

looking for a product that Plaintiff does not offer), attached hereto as Exhibit B.)

Nonetheless, Plaintiff neglected to speak with any of these persons to determine

whether Defendants' alleged statements bore on a decision as to whether to utilize

Plaintiff's products or services or whether any of these other possible reasons

drove the decision-making.  (*See* 30(b)(6) Tr. 20:4-8, 21:20-23, attached hereto as

Exhibit B.)

9.

Plaintiff freely admits that it has no evidence to support its contention that alleged statements to consumers that Pace or ODC is a Japanese company or a Japanese-owned company injured Pace's reputation.  (*See* 30(b)(6) Tr. 20:4-8, 22:14-23:1, attached hereto as Exhibit B.)

10.

Plaintiff no longer asserts a libel or slander claim against Defendant Stephanie Lucia.   (*See* 30(b)(6) Tr. 16:10-13, attached hereto as Exhibit B.)

This 8th day of April, 2019.

Respectfully submitted,

KENDALL | MANDELL, LLC


 /s/ Samantha R. Mandell
Michael C. Kendall
Georgia Bar No. 414030
Samantha R. Mandell
Georgia Bar No. 141689
*Attorneys for Defendants*

3152 Golf Ridge Boulevard, Ste. 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mckendall@kendallmandell.com
srmandell@kendallmandell.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA, <br><br>     Plaintiff, <br><br> v. <br><br> AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA and STEPHENIE LUCIA, <br><br>     Defendants. | Civil Action <br> File No.  1:17-cv-03430-MHC |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served or caused to be served a copy of

the within and foregoing **DEFENDANTS' STATEMENT OF UNDISPUTED**

**MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL**

**SUMMARY JUDGMENT** in this matter by electronically filing the same with

the Court via the CM/ECF system to the following counsel of record:

> R. Charles Henn, Jr., Esq.
> Jennifer Fairbairn Deal, Esq.
> KILPATRICK TOWNSEND &
> STOCKTON LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309

- 7 -

This 8th day of April, 2019.

                                        /s/ Samantha R. Mandell
                                        Samantha R. Mandell