IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA and STEPHENIE LUCIA,<br><br>    Defendants. | Civil Action<br>File No.   1:17-cv-03430-MHC |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS VI AND VII OF PLAINTIFF'S AMENDED COMPLAINT (LIBEL AND SLANDER)

This 8th day of April, 2019.

Respectfully submitted,

KENDALL | MANDELL, LLC

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:   (770) 577-8113
mckendall@kendallmandell.com
srmandell@kendallmandell.com

MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Ste. 1300
Atlanta, Georgia 30309
Telephone:  (404) 645-7700
Facsimile:   (404) 645-7707
lpavento@mcciplaw.com

/s/ Samantha R. Mandell
Michael C. Kendall
Georgia Bar No. 414030
Samantha R. Mandell
Georgia Bar No. 141689

Lisa C. Pavento
Georgia Bar No. 246698
*Counsel for Defendants*

## **PRELIMINARY STATEMENT**

At Plaintiff's behest, and over Defendants' objection, Plaintiff filed an Amended Complaint to add purported claims for libel and slander against all Defendants.  (*See* ECF No. 72 ¶¶ 35, 53-56.)   These purported claims are premised on a dubious notion that referring to Plaintiff as being Japanese-owned somehow subjected Plaintiff to contempt and ridicule and, as such, constituted libel and slander per se.   Accepting Plaintiff's argument would be tantamount to recognizing and authorizing endemic and profound racism.   Indeed, this Court previously noted – and for good reason – that these claims appeared weak.   (*See* ECF No. 71 at 9.)   This Court questioned whether these claims could withstand summary judgment.   (*See id.*)   As it turns out, the Court's prognostications were correct: (i) Plaintiff's libel and slander claims are (at best) weak and (ii) they certainly cannot survive summary judgment.

To be sure, Plaintiff has since conceded that it has no libel or slander claim against Defendant Stephenie Lucia.   And, Plaintiff has retracted wholesale its allegations against any Defendant for any claimed injury based on customers looking to purchase goods that are made in America.[1]   Against this backdrop, the

---

[1] This concession and retraction came only after: (i) this Court allowed Plaintiff to file an Amended Complaint; (ii) Defendants served written discovery and deposed

record is devoid of evidence to establish the essential elements of Plaintiff's purported libel and slander claims. These claims therefore fail as a matter of law. As such, Defendants respectfully request that this Court award them summary judgment on Counts VI and VII of Plaintiff's Amended Complaint.

## STATEMENT OF FACTS

After convincing this Court to allow the filing of an Amended Complaint at the eleventh-hour, requiring the reopening of discovery, and then retracting a significant part of the allegations in that Amended Complaint, Plaintiff's libel and slander claims are no more substantiated today than they were at the pleading stage. Specifically, Plaintiff's libel and slander claims are based on the following paragraph of Plaintiff's Amended Complaint, which was edited retroactively after discovery was sought as to same:

> On information and belief, Defendants have falsely and/or misleadingly, intentionally, and maliciously, both orally and in writing, informed consumers (including former and potential customers of Pace) that Pace is a Japanese company or a Japanese-owned company and/or that ODC is a Japanese company. On information and belief, these false and/or misleading, intentional, and malicious statements regarding Pace and ODC are likely to deceive consumers and have a material effect on consumers' decisions to

---

Plaintiff as to Plaintiff's new claims; (ii) Plaintiff steadfastly refused to provide this discovery; and (iv) this Court's involvement was necessitated. The delay tactics that Plaintiff has employed since the commencement of this litigation are downright tiresome.

purchase Defendants' services, particularly those consumers who are looking to use an American company ~~or purchase goods made in America~~. On information and belief, these false and/or misleading, intentional, and malicious statements regarding Pace and ODC are likely to injure Pace's reputation and expose it to public hatred, contempt, or ridicule, and are in reference to and calculated to injure Pace in its trade, office, or profession.

(*See* Statement of Undisputed Material Facts ("Stmt.") ¶ 1.)

Indeed, it is now clear that the entire basis for Plaintiff's purported libel and slander claims is a specious notion that the Defendants defamed Plaintiff by making three statements in which reference was made to Plaintiff's company (and/or a non-party entity that Plaintiff lacks standing to represent) being under Japanese ownership. (*See* Stmt. ¶¶ 7-8.)[2] Nonetheless, Plaintiff freely concedes, as it must, that there is nothing contemptuous or hateful about being a Japanese company or being owned by a Japanese Company and, further, that any such status does not subject a company to ridicule. (*See* Stmt. ¶¶ 2-4.)[3] And, there is no

---

[2] Because none of these alleged statements are defamatory to begin with and, further, because Plaintiff has failed to present any evidence of damages from same, the details of these statements, which have been addressed in prior briefing to this Court, (*see, e.g.*, ECF No. 62), are immaterial to the present motion. Incidentally, though, Sanwa Shutter, a Japanese company, owns and is the parent company of Overhead Door Corporation. (*See, e.g.*, 30(b)(6) Tr. 8:10-15, 13:5-6, attached to the Statement as Exhibit B; ECF No. 62-2.) "Truth is a complete defense to alleged libel or slander." *See Cottrell v. Smith*, 299 Ga. 517, 523, 788 S.E.2d 772, 781 (Ga. 2016); *accord* O.C.G.A. § 51-5-6.

[3] Plaintiff further concedes that it is not asserting a libel or slander claim against

- 3 -

evidence that any customer or potential customer found any such statement to be contemptuous, slanderous, or defamatory in any way towards Plaintiff.   In fact, Plaintiff did not bother even to ask any customer about whether such alleged statements had any effect whatsoever on the decision as to whether to utilize Plaintiff's products or services or whether to purchase Plaintiff's or Defendants' products or services.   (*See* Stmt. ¶¶ 5-8.)

     Nor has Plaintiff come forward with any evidence of a disparaging statement made against Plaintiff in reference to its trade, office, or profession.   And, Plaintiff freely admits that it has no evidence to support its contention that alleged statements to consumers that Pace or ODC is a Japanese company or a Japanese-owned company injured Pace's reputation.   (*See* Stmt. ¶ 9.)   Worse still is that Plaintiff freely admits that there are a number of reasons that are unrelated to the nationality of the company as to why a customer may not be a repeat customer. (*See* Stmt. ¶ 8 (e.g., pricing, discontentedness with service, looking for a product that Plaintiff does not offer).)   Nonetheless, Plaintiff did not think it was necessary to speak with anyone to determine whether Defendants' allegedly defamatory statements had anything to do with a decision as to whether to utilize Plaintiff's

---

Defendant Stephenie Lucia.   (*See* Stmt. ¶ 10.)

products or services as opposed to the decision being grounded in any of these other possible reasons.  (*See* Stmt. ¶¶ 7-8.)

## ARGUMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, affidavits, and other evidence show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  "[W]hen the non-moving party bears the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim." *See Chem-Nuclear Sys., Inc. v. Arivec Chems., Inc*., 978 F. Supp. 1105, 1109 (N.D. Ga. 1997).   Instead, "the movant's burden is easily 'discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'"  *See Pharr v. Olin Corp*., 715 F. Supp. 1569, 1572 (N.D. Ga. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The movant is entitled to summary judgment if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial."  *See Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).   Here, Defendants are entitled to summary judgment on Counts VI and VII because "there is an absence

of evidence to support" elements "essential to [Plaintiff's] case, and on which [Plaintiff] will bear the burden of proof at trial." *See id*.

## I.   Defendants Are Entitled To Summary Judgment Because There Is No Evidence Of Libel Or Slander Per Se.

Plaintiff's purported libel and slander claims are premised on a distasteful suggestion that referring to Plaintiff as being Japanese-owned somehow subjected Plaintiff to contempt and ridicule and, as such, constituted libel and slander per se. But – as even Plaintiff admits – being Japanese-owned does not lead to any such result. (*See, e.g.*. Stmt. ¶¶ 2-4.)   Accordingly, Plaintiff's libel and slander claims fail as a matter of law.

Georgia Code § 51-5-1 (a) defines libel as "a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." *See id*.   "[T]he definition of slander in Georgia has been incorporated into the definition of libel." *See Cottrell v. Smith*, 299 Ga. 517, 523, 788 S.E.2d 772, 781 (Ga. 2016) (citing additional authorities).   With respect to libel or slander in one's business or profession,

> The kind of aspersion necessary to come under this phase of the rule of slander per se must be one that is ***especially injurious to the plaintiff's reputation because of the particular demands or qualifications of plaintiff's vocation***. … [T]he words must either be

- 6 -

spoken of the plaintiff in connection with his calling or they must be of such a nature such as to *charge him with some defect of character or lack of knowledge, skill, or capacity as necessarily to affect his competency successfully to carry on his business, trade, or profession*.

*See Bellemeade, LLC v. Stoker*, 280 Ga. 635, 637, 631 S.E.2d 693, 695 (Ga. 2006) (citing favorably to Harper, James and Gray, The Law of Torts, Vol. 2, pp. 101-102, § 5.12 (2nd ed. 1986)) (emphasis added).  "To be slander per se, the words "are those which are recognized as injurious on their face — without the aid of extrinsic proof."  *See Bellemeade*, 280 Ga. at 637, 631 S.E.2d at 695.  The Georgia Supreme Court has further explained,

> Should extrinsic facts be necessary to establish the defamatory character of the words, the words may constitute slander, but they do not constitute slander per se.  Thus, the court may not hunt for a strained construction in order to hold the words used as being defamatory as a matter of law, and the negative inference a hearer might take from the words does not subject the speaker to liability for slander per se.

*See id.*; *see also Cottrell*, 299 Ga. at 523, 788 S.E.2d at 781 (same).

As such, there cannot be libel or slander per se in stating that a corporation is owned by a Japanese company.  Such an "accusation" does not impugn one in one's trade or profession or expose one to public hatred, contempt, or ridicule.  Being "accused" of being "Japanese-owned" certainly does not "charge [Plaintiff] with some defect of character or lack of knowledge, skill, or capacity as

- 7 -

necessarily to affect his competency successfully to carry on his business, trade, or profession." *See Bellemeade*, 280 Ga. At 637, 631 S.E.2d at 695.   That there is no facially defamatory statement is both undisputed and indisputable.   (*See, e.g.*, Stmt. ¶¶ 2-4.)   Unless being called Japanese has become an offensive epithet, Plaintiff's claim must fail.   Indeed, a contrary result would promote rank xenophobia.[4]   In short, Plaintiff has failed to present any evidence of slander at all, much less slander per se; no disparaging words were uttered.   *See, e.g.*, *Cottrell*, 299 Ga. at 523, 788 S.E.2d at 781; *see also* O.C.G.A § 51-4-(a)(4).

## II.   Defendants Are Entitled To Summary Judgement Because There Is No Evidence Of Damages.

Absent libel or slander per se, special damages must be pled and proven. *See* O.C.G.A. § 51-5-1 & 51-5-4.   Plaintiff has done no such thing.   (*See* Stmt. ¶ 1; *see generally* ECF. No. 72.)   For this reason, too, Plaintiff's libel and slander claims cannot withstand summary judgment.

"The special damages required to support an action for defamation, when the words themselves are not actionable, must be the loss of money or some other

---

[4] Plaintiff has not alleged or proven that Defendants have falsely charged it with, for instance, lacking a business license to install overhead doors, up-charging customers for unnecessary parts and services, or anything of that ilk.   Such allegations might state a prima facia claim.   Being indicted for being Japanese-owned, however, does not.

material temporal advantage capable of being assessed in monetary value." *See McGee v. Gast*, 257 Ga. App. 882, 885, 572 S.E.2d 398, 401 (2002) (citing *Webster v. Wilkins*, 217 Ga. App. 194, 196 (2), 456 S.E.2d 699, (1995). "The loss of income, of profits, and even of gratuitous entertainment and hospitality will be special damage *if the plaintiff can show that it was caused by the defendant's words*." *See McGee*, 257 Ga. App. at 885, 572 S.E.2d at 401 (emphasis in original) (internal citation and punctuation omitted)). Here, Plaintiff cannot make and has not made any such showing. Quite the opposite, Plaintiff concedes that a consumer's decision is impacted by myriad factors that have nothing to do with where the company's headquarters might be or the national origin of a company's owner. (*See* Stmt. ¶ 8.)

Plaintiff seems to overlook the inescapable fact that it "had the burden to prove the amount of any alleged damages with reasonable certainty." *See Post Realty Assocs. v. Dsl Assocs.*, 228 Ga. App. 678, 679 (1997). Plaintiff failed to do so. This is of course a critical and necessary element of Plaintiff's claims. Moreover, evidence of damages must be presented with such certainty so as to not leave the damages calculation up to conjecture or guesswork. *See id.* (recognizing that the computation of damages "cannot be left to speculation, conjecture and guesswork"). But, Plaintiff has not come forward with evidence rising anywhere

even close to this baseline threshold.  (*See, e.g.*. Stmt. ¶ 9.)   And, given the many extensions of discovery that Plaintiff has already obtained, Plaintiff undoubtedly had ample time to try to support these specious claims.   The fact that Plaintiff did not even try speaks volumes of Plaintiff's own lack of confidence in them.  (*See, e.g.*. Stmt. ¶¶ 5-9.)

Because Plaintiff has not carried its burden on this essential element of its claim, Defendants are entitled to summary judgment.  *See, e.g.*, *McGee*, 257 Ga. App. at 885, 572 S.E.2d at 401 (affirming grant of summary judgment where special damages were not shown to have been caused by the allegedly defamatory statements); *accord Dagel v. Lemcke,* 245 Ga. App. 243, 244, 537 S.E.2d 694, 696 (2000) (affirming award of summary judgment where plaintiff failed to show that any alleged damages flowed from the purportedly defamatory statement).

## CONCLUSION

Plaintiff's suggestion that being accused of affiliation with another country is somehow defamatory is, at the very least, troubling.   It is also without legal foundation.   To boot, Plaintiff has presented no facts to overcome or call into question the straightforward application of this bedrock law.   Accordingly, Defendants are entitled to summary judgment on Counts VI and VII of Plaintiff's Amended Complaint.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA and STEPHENIE LUCIA,<br><br>    Defendants. | Civil Action<br>File No.   1:17-cv-03430-MHC |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.1 AND 7.1D**

I hereby certify that **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS VI AND VII OF PLAINTIFF'S AMENDED COMPLAINT (LIBEL AND SLANDER)** has been prepared in Time New Roman 14-point font.

This 8th day of April 2019.

    /s/ Samantha R. Mandell
Samantha R. Mandell

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA,<br><br>　　Plaintiff,<br><br>v.<br><br>AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA and STEPHENIE LUCIA,<br><br>　　Defendants. | Civil Action<br>File No.   1:17-cv-03430-MHC |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS VI AND VII OF PLAINTIFF'S AMENDED COMPLAINT (LIBEL AND SLANDER)** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

>R. Charles Henn, Jr., Esq.
>Jennifer Fairbairn Deal, Esq.
>KILPATRICK TOWNSEND & STOCKTON LLP

                        1100 Peachtree Street, Suite 2800
                        Atlanta, Georgia 30309

This 8th day of April, 2019.

                                              /s/ Samantha R. Mandell
                                              Samantha R. Mandell