## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| D. H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA, <br><br> Plaintiff, <br><br> v. <br><br> AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA, and STEPHENIE LUCIA, <br><br> Defendants. | CIVIL ACTION NO. 1:17-cv-03430-MHC |

## PLAINTIFF'S OPPOSITION TO
## <u>DEFENDANTS' MOTION TO STRIKE JURY DEMAND</u>

# **TABLE OF CONTENTS**

I.   Introduction ...................................................................................1

II.  Argument ......................................................................................2

    A.   Defendants Fail to Show a Manifest Injustice .......................................4

    B.   Pace Had No Duty to Disclose a Calculation of Nominal or Punitive Damages ................................................................6

    C.   Pace Has a Valid Claim for Nominal Damages ..................................11

    D.   Pace's Valid Claim for Punitive Damages Entitles Pace to a Jury Trial ......................................................................17

    E.   At a Minimum, the Court Should Try the Issue of Liability to a Jury ...............................................................20

III. Conclusion ..................................................................................23

# TABLE OF AUTHORITIES

## Cases

*7-Eleven, Inc. v. McEvoy*,
   300 F. Supp. 2d 352 (D. Md. 2004)......................................................13

*Ackley v. Strickland*,
   328 S.E.2d 549 (Ga. App. 1985)................................................... 7, 12

*All. Metals, Inc. v. Hinely Indus., Inc.*,
   222 F.3d 895 (11th Cir. 2000) ..............................................................16

*Allstate Ins. Co. v. Kia Motors Am., Inc.*,
   No. CV 16-06108 SJO (AGRx), 2017 WL 10311211 (C.D. Cal.
   Sept. 20, 2017) ........................................................................................22

*Anheuser-Busch, Inc. v. Balducci Publ'ns*,
   28 F.3d 769 (8th Cir. 1994) ..................................................................12

*Avery v. K. I., Ltd.*,
   281 S.E.2d 366 (Ga. App. 1981),
   *aff'd in part, rev'd in part on other grounds sub nom. Diedrich v.
   Miller & Meier & Assocs., Architects & Planners, Inc.*,
   334 S.E.2d 308 (Ga. 1985) ...................................................................15

*Barron v. EverBank*,
   No. 1:16-CV-04595-AT-CCB, 2019 WL 1495305 (N.D. Ga. Feb. 7,
   2019) ........................................................................................................11

*Bearoff v. Craton*,
   830 S.E.2d 362 (Ga. App. 2019).........................................................18

*Bonito Boats, Inc. v. Thunder Craft Boats*,
   489 U.S. 141 (1989)...............................................................................11

*Bonner v. City of Prichard*,
   661 F.2d 1206 (11th Cir. 1981) .............................................................4

*Boxer X v. Donald*,
   169 F. App'x 555 (11th Cir. 2006) ........................................................6

*Brunswick Corp. v. Spirit Reel Co.*,
  832 F.2d 513 (10th Cir. 1987) ..............................................................16

*Burns v. Lawther*,
  53 F.3d 1237 (11th Cir. 1995) ................................................................2

*Car-Fresher Corp. et al. v. American Covers, LLC et al.*,
  No. 5:17-cv-171 (N.D.N.Y.)..............................................................3, 4

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*,
  843 F.3d 48 (2d Cir. 2016) ..................................................................21

*Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*,
  868 F. Supp. 2d 468 (D. Md. 2012).....................................................13

*Crocker v. Sky View Christian Acad.*,
  No. 3:08-CV-00479-LRH-VPC, 2009 WL 77456 (D. Nev. Jan. 8,
  2009) .......................................................................................................9

*Davis v. Adams-Cates Co.*,
  No. C76-47A, 1976 WL 13210 (N.D. Ga. June 30, 1976)....................19

*Deere & Co. v. FIMCO Inc.*,
  No. 5:15-CV-00105-TBR-LLK, 2016 WL 4443184 (W.D. Ky. Aug.
  19, 2016) ...............................................................................................22

*Downtowner/Passport Int'l Hotel Corp. v. Norlew, Inc.*,
  841 F.2d 214 (8th Cir. 1988) ...............................................................13

*EEOC v. Gen. Motors Corp.*,
  No. 3:06-cv-19-WHB-LRA, 2009 WL 910812 (S.D. Miss. Apr. 1,
  2009) .....................................................................................................10

*EEOC v. Wal-Mart Stores, Inc.*,
  276 F.R.D. 637 (E.D. Wash. 2011).........................................................9

*Empirical Regent, LLC v. Sunny Design & Bus. Consulting, LLC*,
  No. 1:19-CV-3253-MHC, 2020 WL 4557564 (N.D. Ga. Feb. 25,
  2020) .....................................................................................................11

*Evenson v. Palisades Collection, LLC*,
  No. 2:13-cv-1226, 2014 WL 5089429 (S.D. Ohio Oct. 9, 2014)..........8

*Exxon Shipping Co. v. Baker*,
  554 U.S. 471 (2008) ............................................................................18

*Firneno v. Radner L. Grp., PLLC*,
  No. 13-CV-10135, 2015 WL 4276332 (E.D. Mich. May 29, 2015) .....................8

*Flair Airlines Ltd. v. Gregor LLC*,
  No. 18-cv-2023, 2020 WL 5521419 (N.D. Ill. Feb. 27, 2020)............................8

*Freeway Ford, Inc. v. Freeway Motors, Inc.*,
  512 F. Supp. 2d 1353 (M.D. Ga. 2007) ................................................16

*Frehling Enters., Inc. v. Int'l Select Grp., Inc.*,
  192 F.3d 1330 (11th Cir. 1999) ...........................................................20

*Frostie Co. v. Dr. Pepper Co.*,
  361 F.2d 124 (5th Cir. 1966) ...............................................................21

*Gateway, Inc. v. Companion Prods., Inc.*,
  No. CIV.01-4096-KES, 2003 WL 22508907 (D.S.D. Aug. 19, 2003)
  *modified*, No. CIV.01-4096-KES, 2003 WL 23532885 (D.S.D. Dec.
  19, 2003),
  *and aff'd*, 384 F.3d 503 (8th Cir. 2004)........................................ 21, 22

*GeoMetWatch Corp. v. Hall*,
  No. 1:14-cv-00060-JNP, 2018 WL 6240991 (D. Utah Nov. 27,
  2018) ...................................................................................................9

*Great Fla. Ins. Holding Corp. v. Great Fla. Ins. of Venice, Inc.*,
  No. 12-14272-CIV-MARTINEZ-LYNCH, 2013 WL 12101129
  (S.D. Fla. Sept. 27, 2013) ...................................................................16

*Guillen v. Kuykendall*,
  470 F.2d 745 (5th Cir. 1972) .................................................................6

*Hana Fin., Inc. v. Hana Bank*,
  574 U.S. 418 (2015).............................................................................22

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
  921 F.3d 1343 (11th Cir. 2019) ..................................................... 3, 11, 21

*Hosp. Auth. of Gwinnett Cty. v. Jones*,
  409 S.E.2d 501 (Ga. 1991) ...................................................................18

*Hughes v. Priderock Cap. Partners, LLC*,
No. 9:18-CV-80110, 2019 WL 771801-ROSENBERG/REINHART
(S.D. Fla. Feb. 21, 2019),
*aff'd*, 812 F. App'x 828 (11th Cir. 2020) ............................................................3

*Idaho Potato Comm'n v. M & M Produce Farms & Sales*,
No. 7:97-CV-8125, 2010 WL 11712586 (S.D.N.Y. Feb. 17, 2010) ...................22

*Intown Enters., Inc. v. Barnes*, 721 F. Supp.
1263 (N.D. Ga. 1989) .......................................................................................17

*Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*,
747 F. Supp. 2d 568 (W.D.N.C. 2010) .............................................................13

*Johnson v. BLC Lexington SNF, LLC*,
No. 5:19-064-DCR, 2020 WL 5086587 (E.D. Ky. Aug. 26, 2020) .....................8

*Miller & Meier & Assocs. v. Diedrich*,
329 S.E.2d 918 (Ga. App. 1985)................................................................ 15, 17

*Murphy v. Am. Motors Sales Corp.*,
410 F. Supp. 1403 (N.D. Ga. 1976) ..................................................................19

*Odom v. Fred's Stores of Tenn., Inc.*,
No. 7:12-cv-91 (HL), 2013 WL 83023 (M.D. Ga. Jan. 7, 2013) .........................3

*Odom v. Thompson*,
No. 5:13-CV-211-TBR, 2017 WL 6522072 (W.D. Ky. Dec. 19,
2017) ..................................................................................................................8

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*,
469 U.S. 189 (1985)..........................................................................................21

*Pepsi-Cola Co. v. Wright*,
2 S.E.2d 73 (Ga. 1939).......................................................................................17

*R/C Theatres Mgmt. Corp. v. Metro Movies, LLC*,
44 F. Supp. 3d 626 (D. Md. 2014)....................................................................13

*Roto-Rooter Corp. v. O'Neal*,
513 F.2d 44 (5th Cir. 1975) ...............................................................................16

*Scheel v. Harris*,
  No. 3:11-17-DCR, 2012 WL 3879279 (E.D. Ky. Sept. 6, 2012) ...........................9

*Scott v. City of Phoenix*,
  No. CV-09-0875-PHX-JAT, 2011 WL 1085992 (D. Ariz. Mar. 24,
  2011) ...........................................................................................................9

*SCQuARE Int'l, Ltd. v. BBDO Atlanta, Inc.*,
  455 F. Supp. 2d 1347 (N.D. Ga. 2006).....................................................17

*Scutieri v. Paige*,
  808 F.2d 785 (11th Cir. 1987) ................................................................6

*Simler v. Conner*,
  372 U.S. 221 (1963).........................................................................2, 3

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*,
  693 F.3d 1338 (11th Cir. 2012) .............................................................11

*Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*,
  294 F.2d 486 (5th Cir. 1961) .................................................................4

*Torres v. Precision Indus., Inc.*,
  437 F. Supp. 3d 623 (W.D. Tenn. 2020) .................................................7

*U.S. Fid. & Guar. Co. v. Paul Assocs., Inc.*,
  496 S.E.2d 283 (Ga. App. 1998).............................................................12

*Unique Sports Prods., Inc. v. Wilson Sporting Goods Co.*,
  512 F. Supp. 2d 1318 (N.D. Ga. 2007).....................................................16

*United States v. Varner*,
  13 F.3d 1503 (11th Cir. 1994) ...............................................................5

*USPTO v. Booking.com B. V.*,
  140 S. Ct. 2298 (2020).........................................................................20

*Uzuegbunam v. Preczewski*,
  141 S. Ct. 792 (2021).....................................................................14, 15

*Virdi v. DeKalb Cty. Sch. Dist.*,
  216 F. App'x 867 (11th Cir. 2007) .........................................................6

*Wysong Corp. v. APN, Inc.*,
  889 F.3d 267 (6th Cir. 2018) ...............................................................21

*Youthform Co. v. R. H. Macy & Co.*,
  153 F. Supp. 87 (N.D. Ga. 1957) ........................................................18

## **Statutes**

15 U.S.C. § 1125 ....................................................................................21

O.C.G.A. § 10-1-452 ..............................................................................17

O.C.G.A. § 51-12-5.1 .............................................................................10

## **Rules & Regulations**

Fed. R. Civ. P. 16(e) ................................................................................5

Fed. R. Civ. P. 26 ......................................................................... 7, 8, 10

Fed. R. Civ. P. 26(a) ................................................................................9

Fed. R. Civ. P. 26(a)(1) .........................................................................6, 7

Fed. R. Civ. P. 26(a)(1)(A)(iii) ......................................................... 7, 8, 9

Fed. R. Civ. P. 26(a)(1)(iii) ......................................................................9

Fed. R. Civ. P. 26(e) ..............................................................................7, 9

Fed. R. Civ. P. 37 .....................................................................................9

Fed. R. Civ. P. 39(c) ..............................................................................20

Fed. R. Civ. P. 54(c) ................................................................................7

## **Other Authorities**

1 J. Thomas McCarthy,
  *McCarthy on Trademarks and Unfair Competition* § 2:7 (5th ed.) .............. 11, 21

9 Arthur R. Miller,
  *Federal Practice and Procedure* (4th ed. 2020)............................................. 2, 20

Eleventh Cir. Pattern Jury Instructions (Civ. Cases),
     10.2, Remedies (Instruction on Nominal Damages) (2020) ......................... 12, 19

Restatement (Second) of Torts § 908 (Am. L. Inst. 1979) .......................................18

Plaintiff D. H. Pace Company, Inc. ("Pace") respectfully submits this opposition to Defendants' Motion to Strike Jury Demand. ECF 226 (the "Motion").

## I.     Introduction

Defendants' Motion focuses heavily on a non-issue: Is a plaintiff who exclusively seeks equitable relief entitled to a jury trial? The parties agree the answer is "no." Discussion of that issue, however, is entirely irrelevant to *this* case. Here, Pace seeks both nominal damages and punitive damages—remedies that are indisputably *legal* in nature. As a result, Pace is entitled to a jury trial, and the Court should deny Defendants' Motion.

First, Pace's requests for nominal and punitive damages are included in the Pretrial Order, and Defendants failed to raise any related objection prior to the Court adopting the Pretrial Order. Evidently, Defendants are now attempting to amend the Pretrial Order by removing Pace's claims for these forms of relief. In order to succeed, Defendants bear the burden of proving "manifest injustice," something they have not done and cannot do.

Second, Pace had no obligation to provide a calculation of either nominal or punitive damages to Defendants—in its initial disclosures or otherwise. The very nature of nominal damages is that they are *nominal* (i.e., not based on an actual-damage calculation). Punitive damages are determined by a jury based on the

purposes of such damages (e.g., deterrence), and thus are not subject to precise calculation by the parties in advance.

Third, Pace undeniably has cognizable claims for both nominal and punitive damages. Nominal damages are available under both Georgia state law and the Lanham Act upon a showing of liability *only*. Punitive damages are recoverable under Georgia state law even when the only compensatory damages are nominal. The Eleventh Circuit and Georgia courts have made clear that punitive damages are legal in nature and mandate a trial by jury.

Finally, and in the alternative, because liability issues in this case must be viewed through the eyes of a "reasonable consumer," this Court should exercise its discretion and empanel a jury, which will consist of reasonable consumers from the metropolitan Atlanta area.

## II.   Argument

The Seventh Amendment preserves the right to a trial by jury in all suits at common law. U.S. Const. amend. VII. Indeed, "the right to a jury trial is fundamental." *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995). Thus, "there is a strong federal policy favoring jury trial of fact issues." 9 Arthur R. Miller, *Federal Practice and Procedure* § 2302.1 (4th ed. 2020); *see also Simler v. Conner*, 372 U.S. 221, 222 (1963) ("The federal policy favoring jury trials is of

historic and continuing strength."); *Odom v. Fred's Stores of Tenn., Inc.*, No. 7:12-cv-91 (HL), 2013 WL 83023, at *2 (M.D. Ga. Jan. 7, 2013) (citing "a general policy favoring jury trials"); *Hughes v. Priderock Cap. Partners, LLC*, No. 9:18-CV-80110, 2019 WL 771801-ROSENBERG/REINHART, at *3 (S.D. Fla. Feb. 21, 2019) ("The federal policy favoring jury trials is of historic and continuing strength." (alteration omitted) (quoting *Simler*, 372 U.S. at 222)), *aff'd*, 812 F. App'x 828 (11th Cir. 2020).

Defendants spend pages upon pages explaining that there is no right to a jury trial when *all* relief sought is *equitable*. Pace does not disagree—but Pace does not only seek equitable relief in this case. Accordingly, Defendants' extensive explanation of, and focus and reliance on, *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343 (11th Cir. 2019), is entirely irrelevant. The plaintiff in *Hard Candy* "stipulate[d] that it [was] not seeking actual damages or lost profits," *id.* at 1359 (first alteration in original), *had no claim for punitive damages*, *id.* at 1354, and the remaining relief sought (i.e., declaratory judgment, injunctive relief, an accounting for profits, and attorneys' fees and costs) was all equitable in nature, *id.* at 1360.[1]

---

[1] The same is true with respect to Defendants' reference to Pace's counsel's briefing in *Car-Fresher Corp. et al. v. American Covers, LLC et al.*, No. 5:17-cv-

Here, Pace has a valid claim for nominal and punitive damages. Both claims were properly disclosed, and both are legal in nature. Thus, Pace is entitled to a jury trial. *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961) ("As long as any legal cause is involved the jury rights it creates control.").[2]

## A.     Defendants Fail to Show a Manifest Injustice

The parties submitted their Proposed Pretrial Order more than a year ago. ECF 162. Before the Court adopted that Order, Defendants filed a motion to strike, *inter alia*, a portion of Attachment C to the Proposed Pretrial Order, Plaintiff's Outline of the Case. ECF 165. That motion focused *solely* on the adequacy of Pace's disclosure of actual damages calculations—it did not mention punitive damages and only referred to nominal damages in passing in a footnote. In its Opposition Brief, Pace noted that its claims for nominal and punitive damages preserved its right to a jury trial even if the Court were to strike actual damages. ECF 176 at 26-27.[3]

---

171 (N.D.N.Y.). ECF 226-02. Unlike here, plaintiffs in that case do not have a claim for punitive damages and did not seek nominal damages. The *only* relief sought in *Car-Fresher* is disgorgement of profits and attorneys' fees. *Id.* at 2-3.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Pace also raised this argument in its Trial Brief. ECF 162-10 at 77-80.

The Court adopted the Pretrial Order in this case on May 5, 2020. ECF 191. The Court subsequently granted Defendants' motion to strike, *in part*, concluding that it would "not consider the portion of Pace's trial brief related to *actual damages* and will preclude Pace from offering any such evidence at trial." ECF 221 at 13 (emphasis added). Because Defendants failed to raise the issues, the Court did not address nominal or punitive damages, and the Court did not strike Pace's jury demand. Accordingly, those issues remain part of the Pretrial Order.

A pre-trial order cannot be amended without the permission of the court and a showing of manifest injustice. *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994); *see also* Fed. R. Civ. P. 16(e); ECF 162 ("[T]his pretrial order shall not be amended except by Order of the court to prevent manifest injustice."). First, Defendants should not be given a second bite at the apple having failed to raise any concerns about nominal and punitive damages in their motion to strike last year. Second, they do not even bother citing, much less attempting to meet, the high standard required to have the Pretrial Order amended to exclude Pace's nominal and punitive damages claims. Nor could they show manifest injustice if they tried; most likely because they cannot establish "manifest injustice." Having to proceed with a jury trial would not subject Defendants to cognizable "prejudice." The

5

prejudice Pace would suffer by being deprived of its right to a jury trial far outweighs any prejudice Defendants could conceivably articulate.

**B.     Pace Had No Duty to Disclose a Calculation of Nominal or Punitive Damages**

Defendants' inadequate disclosure argument is premised on an incorrect understanding of Federal Rule of Civil Procedure 26(a)(1) and the pleading requirements for nominal and punitive damages.

Pace's Complaint expressly seeks punitive damages, ECF 72 at 18, and nominal damages do not have to be specifically pleaded.[4] The Eleventh Circuit has held that a request for nominal damages is inherently incorporated into a request for compensatory relief, and Georgia law is equally clear on the issue. *Virdi v. DeKalb Cty. Sch. Dist.*, 216 F. App'x 867, 873 (11th Cir. 2007) (holding that plaintiff "requested monetary damages, so he did not waive any entitlement to nominal damages"); *Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (holding that nominal damages were sought where the plaintiff "requested compensatory damages and 'any other relief the court deem[s] appropriate'"

---

[4] The Eleventh Circuit has also held that a "a specific prayer for punitive damages [is] unnecessary." *Scutieri v. Paige*, 808 F.2d 785, 792 (11th Cir. 1987); *see also Guillen v. Kuykendall*, 470 F.2d 745 (5th Cir. 1972).

(alteration in original);[5] *Ackley v. Strickland*, 328 S.E.2d 549, 550 (Ga. App. 1985) ("All that is now 'necessary [is] that the plaintiff raise the issue *during the trial* so that it may be presented to the jury.'" (alteration in original) (citations omitted). Further, the Federal Rules of Civil Procedure dictate that "[e]very [non-default] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

Most importantly, because nominal and punitive damages determinations are within the province of the jury, and therefore, impossible to compute in advance, courts have routinely and uniformly held that a calculation of these damages need not be included in a party's initial disclosures.[6] *E.g.*, *Torres v. Precision Indus., Inc.*, 437 F. Supp. 3d 623, 647 (W.D. Tenn. 2020) (overruling an objection to exclude punitive damages based on lack of computation in plaintiff's Rule 26 initial disclosures because "punitive damages are typically not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii)" (citation omitted));

---

[5] Pace's complaint sought both actual damages and any "other relief as the Court may deem appropriate." ECF 72 at 19.

[6] Rule 26(a)(1) only requires disclosure of "calculation[s]" (not a list of forms of damages sought). As Pace's Complaint included a request for punitive damages, Pace was not required to reassert that it was seeking punitive damages in its initial disclosures. Fed. R. Civ. P. 26(e) advisory committee notes to 1993 amendment (providing there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties *in writing* or during the discovery process" (emphasis added)).

*Johnson v. BLC Lexington SNF, LLC*, No. 5:19-064-DCR, 2020 WL 5086587, at *1 (E.D. Ky. Aug. 26, 2020) (holding that punitive damages "are not amenable to the requirements of Rule 26(a)(1)(A)(iii)" and "[f]ailure to properly disclose punitive damages calculations is substantially justified because of their natural insusceptibility to calculation" (first citation omitted)); *Flair Airlines Ltd. v. Gregor LLC*, No. 18-cv-2023, 2020 WL 5521419, at *1 (N.D. Ill. Feb. 27, 2020) (holding that "[p]unitive damages are the province of the jury" and that "[p]unitive damages ... are not amenable to the requirements of Rule 26(a)(1)(A)(iii)" (second alteration in original) (citation omitted)); *Odom v. Thompson*, No. 5:13-CV-211-TBR, 2017 WL 6522072, at *3 (W.D. Ky. Dec. 19, 2017) ("[P]unitive damages ... are not amenable to the requirements of Rule 26(a)(1)(A)(iii)." (citation omitted)); *Firneno v. Radner L. Grp., PLLC*, No. 13-CV-10135, 2015 WL 4276332, at *3 (E.D. Mich. May 29, 2015) ("Courts have recognized, however, 'that ... punitive damages are typically not amendable to the type of disclosures contemplated by [Civil Rule 26], and have held that the failure to disclose a number or calculation for such damages was substantially justified.'" (citation omitted)); *Evenson v. Palisades Collection, LLC*, No. 2:13-cv-1226, 2014 WL 5089429, at *4 (S.D. Ohio Oct. 9, 2014) ("[C]ourts have generally recognized that ... punitive damages are typically not amenable to the type of disclosures contemplated by Rule

8

26(a)(1)(A)(iii) ….”); *GeoMetWatch Corp. v. Hall*, No. 1:14-cv-00060-JNP, 2018 WL 6240991, at *16 (D. Utah Nov. 27, 2018) (“While Rule 37 prohibits a party from using 'information' on a motion if the party fails to provide the 'information' as required by Rule 26(a) or (e), a request for nominal or statutory damages does not appear to qualify as 'information' that a party must disclose under Rule 26(a).”); *Scheel v. Harris*, No. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012) (“Punitive damages . . . are not amenable to the requirements of Rule 26(a)(1)(A)(iii).” (citation omitted)); *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (denying a motion to compel computation of punitive damages, noting that punitive damages “are 'difficult to quantify' and are 'typically considered a fact issue for the jury'” (citation omitted)); *Scott v. City of Phoenix*, No. CV-09-0875-PHX-JAT, 2011 WL 1085992, at *4 (D. Ariz. Mar. 24, 2011) (“Contrary to Defendants' implication, Plaintiff's request for ... nominal damages is not waived by Plaintiff's failure to include computations of these equitable remedies in Plaintiff's Second Amended Disclosure Statement. These forms of relief are not capable of the 'computation' required for the Rule 26(a)(1)(iii) initial disclosure.”); *Crocker v. Sky View Christian Acad.*, No. 3:08-CV-00479-LRH-VPC, 2009 WL 77456, at *3 (D. Nev. Jan. 8, 2009) (finding that plaintiffs were not required to include a computation of punitive damages pursuant

9

to Rule 26 and acknowledging that "punitive damages can be based upon a variety of factors that are difficult to quantify, including the reprehensibility of the defendant's conduct"); *EEOC v. Gen. Motors Corp.*, No. 3:06-cv-19-WHB-LRA, 2009 WL 910812, at *3 n.1 (S.D. Miss. Apr. 1, 2009) ("The Court finds that a claim for punitive damages, as it is an issue for the jury, is likewise not amenable to a specific calculation under Rule 26 and, therefore, that the EEOC is not barred from seeking such damages based on its failure to provide a specific computation in its disclosures.").

Pace properly pleaded punitive and compensatory damages, which is all that it was required to do to seek nominal and punitive damages at trial. In fact, Pace exceeded its notice obligations to Defendants by providing its theory of the amount of punitive damages the jury should award in the parties' Proposed Pretrial Order.[7]

In summary, Pace did not disclose a calculation in its initial disclosures *because no such disclosure is required*. Even assuming *arguendo* that this Court were to parts ways with the myriad other courts to have addressed this issue,

---

[7] Pace contends an appropriate award would be the gross revenue Defendants have made from their unlawful business practices. ECF 162-3 at 12 (III.C.). Of course, all evidence supporting or pertaining to Defendants' gross revenue has always been in Defendants' possession. The same is true for evidence regarding Defendants' liability for punitive damages, which is determined based on Defendants' own actions. O.C.G.A. § 51-12-5.1.

Pace's failure to include a "calculation" in its initial disclosure was harmless.[8] All of the evidence Pace intends to rely on to support its request for nominal[9] and punitive damages[10] was produced during discovery and is included in the Pretrial Order adopted by this Court.

## C.    Pace Has a Valid Claim for Nominal Damages

The law in Georgia is clear: Nominal damages are an available remedy for tortious behavior, including the tort of unfair competition.[11]

---

[8] When determining if a failure to supplement initial disclosures is harmless, courts have broad discretion and may consider a number of factors, including: "(1) the importance of the [information], (2) the reasons for the failure to disclose, … (3) the prejudice to the opposing party if the evidence is considered," (4) "whether the undisclosed evidence was a surprise to the opposing party," (5) "whether the non-disclosing party acted in bad faith," and (6) "whether [any] prejudice can be cured." *Barron v. EverBank*, No. 1:16-CV-04595-AT-CCB, 2019 WL 1495305, at *4 (N.D. Ga. Feb. 7, 2019).

[9] As discussed further below, Pace is entitled to nominal damages simply by proving liability. *See infra* pp. 11-12.

[10] See supra n. 7.

[11] Unfair competition and trademark infringement are torts. 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 2:7 (5th ed.) ("Since trademark infringement is a type of unfair competition and unfair competition is a tort, it follows that trademark infringement is a commercial tort." (footnoted omitted)); *see also Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) ("The law of unfair competition has its roots in the common-law tort of deceit: its general concern is with protecting *consumers* from confusion as to source." (quoting *Bonito Boats, Inc. v. Thunder Craft Boats*, 489 U.S. 141, 157 (1989) (emphasis in original)); *Empirical Regent, LLC v. Sunny Design & Bus. Consulting, LLC*, No. 1:19-CV-3253-MHC, 2020 WL 4557564, at *8 (N.D. Ga. Feb. 25, 2020) (Cohen, J.); *cf. Hard Candy*, 921 F.3d at 1356

> Nominal damages constitute "a species of general damages." "General damages are those which the law *presumes* to flow from a tortious act and may be awarded without proof of any specific amount to compensate (the claimant) for the injury done him. [T]he law *infers* some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages."

*Ackley*, 328 S.E.2d at 551 (alteration in original) (citations omitted). Moreover, "a plaintiff's right to recover nominal damages depends *only* upon whether the defendant's 'liability [has] been established.'" *Id.* (alterations in original) (citations omitted); *see also U.S. Fid. & Guar. Co. v. Paul Assocs., Inc.*, 496 S.E.2d 283, 291 (Ga. App. 1998) ("[N]ominal damages are always allowed for any tortious invasion of a property right, though no actual damage results therefrom … [E]ven if [plaintiff] suffered only nominal damages by them, the question of damages is for the jury." (alterations in original) (citations omitted)).

Courts also have routinely awarded nominal damages or recognized that nominal damages are available in Lanham Act cases.[12] *See, e.g.*, *Anheuser-Busch, Inc. v. Balducci Publ'ns*, 28 F.3d 769, 778 (8th Cir. 1994) ("The final question

---

(discussing the background of the torts of trademark infringement and unfair competition).

[12] The Eleventh Circuit has tacitly acknowledged that nominal damages are available in Lanham Act cases by including such damages in the relevant pattern instructions. Eleventh Cir. Pattern Jury Instructions (Civ. Cases), 10.2, Remedies (Instruction on Nominal Damages) (2020).

presented in this case involves the proper remedy. [The plaintiff] seeks one dollar

in damages and an injunction against further infringement. The requested nominal

damages seem proper given the survey evidence suggesting actual confusion.");

*Downtowner/Passport Int'l Hotel Corp. v. Norlew, Inc.*, 841 F.2d 214, 220 (8th

Cir. 1988) ("However, on the question of Lanham Act damages, we remand for

entry of nominal damages only."); *R/C Theatres Mgmt. Corp. v. Metro Movies,*

*LLC*, 44 F. Supp. 3d 626, 636 (D. Md. 2014) ("[A] plaintiff who prevails on the

merits of an infringement claim is entitled 'to at least nominal damages.'" (citation

omitted)); *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 868 F. Supp. 2d 468, 491 (D.

Md. 2012) ("The jury could have concluded that the public interest would be

served by awarding nominal damages for [the counterclaim plaintiff's] failure to

check for similar marks and choose a mark not already in use for similar

services."); *Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, 747 F.

Supp. 2d 568, 588 (W.D.N.C. 2010) ("In the present case, the jury was instructed

that if it found that [the counterclaim plaintiff] had suffered damages as a result of

[the counterclaim defendant's] trade dress infringement and/or false advertising,

but that [the counterclaim plaintiff] had failed to prove by a preponderance of the

evidence the amount of those damages, the jury could award a nominal sum of

damages."); *7-Eleven, Inc. v. McEvoy*, 300 F. Supp. 2d 352, 356 (D. Md. 2004)

("[A] franchisee's continued use of the franchisor's trademarks creates a sufficient likelihood of confusion to entitle [the franchisor] to at least nominal damages.").[13]

Moreover, although Defendants omitted the full quote from their brief (ECF 226 at 11), in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), the United States Supreme Court stated: "Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. ***They are instead the damages awarded by default*** until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Id.* at 800 (emphasis added). *By default*, an injured party is entitled to nominal damages, i.e., regardless of whether actual damages are proven. Significantly, the Supreme Court explicitly rejected the notion that compensatory damages are a prerequisite for an award of nominal damages. *Id.* at 800-01. It held that "[b]ecause nominal damages are in fact damages paid to the plaintiff, they 'affec[t] the behavior of the defendant towards the plaintiff' and thus independently provide redress." *Id.* at 801 (citations omitted). The Supreme Court added that a plaintiff's injury could be redressed by

---

[13] Defendants try to distinguish these cases on the grounds that they did not involve a jury trial or discussion of the jury trial issue. However, Pace is not citing these cases for any proposition other than that they show that nominal damages are available for Pace's unfair competition and infringement claims.

nominal damages "even if he cannot or chooses not to quantify that harm in economic terms." *Id.* at 802.

Accordingly, even though Pace cannot present evidence as to the amount of actual damages it has suffered, the Court's ruling has no bearing on whether Pace can recover the "default" and "independently provide[d] redress" of nominal damages. *See id.* at 800-01. Rather, Pace's "right to recover nominal damages depends ***only upon whether defendant[s'] 'liability [has] been established*.'" *Miller & Meier & Assocs. v. Diedrich*, 329 S.E.2d 918, 925 (Ga. App. 1985) (emphasis added) (citing *Avery v. K. I., Ltd.*, 281 S.E.2d 366, 367 (Ga. App. 1981) ("The law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages.")), *aff'd in part, rev'd in part on other grounds sub nom. Diedrich v. Miller & Meier & Assocs., Architects & Planners, Inc.*, 334 S.E.2d 308 (Ga. 1985).

Moreover, while proof of actual harm is not required to prevail on any of Pace's claims, Pace has ample evidence of actual harm. Due to Defendants' misconduct, consumers are actually being confused, and Pace is losing business, perhaps permanently. Pace is also suffering reputational damage and the erosion of its goodwill.

Pace has evidence, produced during discovery (including by Defendants) and on its trial exhibit list, showing that Pace's customers were confused by Defendants' actions and used Defendants' services when they meant to use Pace's services. This evidence of harm will be presented at trial regardless of the Court's ruling on actual damages because it is highly relevant to Defendants' liability: actual confusion evidence "is the best evidence of likelihood of confusion." *Roto-Rooter Corp. v. O'Neal*, 513 F.2d 44, 45-46 (5th Cir. 1975); *see also All. Metals, Inc. v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir. 2000); *Freeway Ford, Inc. v. Freeway Motors, Inc.*, 512 F. Supp. 2d 1353, 1364 (M.D. Ga. 2007); *Unique Sports Prods., Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1325 (N.D. Ga. 2007) ("[I]f there is evidence of actual confusion, a likelihood of confusion is usually a foregone conclusion.").

In short, to recover nominal damages, Pace only has to establish liability; but the evidence that will be presented at trial will be more than sufficient to support a finding of harm (even though Pace may not recover actual damages).[14]

---

[14] *See, e.g.*, *Great Fla. Ins. Holding Corp. v. Great Fla. Ins. of Venice, Inc.,* No. 12-14272-CIV-MARTINEZ-LYNCH, 2013 WL 12101129, at *9 (S.D. Fla. Sept. 27, 2013) (finding where plaintiff had established actual confusion, even in a minimum amount, damages were appropriate); *see also Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 525-26 (10th Cir. 1987) (remanding for determination on amount of damages, holding that actual confusion establishes legal basis for

Accordingly, Pace's claim for nominal damages is viable, and Defendants have not and cannot show otherwise.

### D.   Pace's Valid Claim for Punitive Damages Entitles Pace to a Jury Trial

Pace has a valid claim for nominal damages, and therefore, Pace's claim for punitive damages is also valid. Thus, Pace is entitled to a jury trial.

Defendants tick through Pace's Georgia state law *statutory* claims but fail to address Pace's claim for common law unfair competition, which is expressly preserved by statute, O.C.G.A. § 10-1-452, and which permits recovery of non-equitable remedies. *Diedrich*, 334 S.E.2d at 311 (holding that remedies for unfair competition common law claims are not limited to injunctive relief and include damages). Moreover, Georgia law clearly provides for recovery of punitive damages in tort cases (including unfair competition actions). *See Pepsi-Cola Co. v. Wright*, 2 S.E.2d 73, 76-77 (Ga. 1939).

This Court repeatedly recognized that "punitive damages are available under the surviving state law claim for unfair competition." *Intown Enters., Inc. v. Barnes*, 721 F. Supp. 1263, 1267 (N.D. Ga. 1989); *accord SCQuARE Int'l, Ltd. v. BBDO Atlanta, Inc.*, 455 F. Supp. 2d 1347, 1368 (N.D. Ga. 2006) ("[P]unitive

---

recovery of damages and that plaintiff's sales data evidence was sufficient to determine a fair damages amount).

damages are available under Georgia law for plaintiff's unfair competition claim."); *Youthform Co. v. R. H. Macy & Co.*, 153 F. Supp. 87, 93-95 (N.D. Ga. 1957) (noting in action "based upon common law principles of unfair competition," that "there exists in this case a basis for awarding both punitive damages and compensatory damages" and awarding $2,500 as "supported under either theory").

Punitive damages are available even where the only compensatory damages awarded are nominal. *Hosp. Auth. of Gwinnett Cty. v. Jones*, 409 S.E.2d 501, 502-03 (Ga. 1991) (affirming award of $5,001 in nominal damages and $1,300,000 in punitive damages and explicitly rejecting the notion that it was unconstitutional to "permit[] the deterrence of … conduct at a point in time when the injury is slight and when only nominal damages may be involved"); *Bearoff v. Craton*, 830 S.E.2d 362, 379 (Ga. App. 2019) (affirming award of $2,000 in nominal damages and $50,000 in punitive damages);[15] *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 494 (2008) (recognizing that nominal damages can support a punitive damage award (citing Restatement (Second) of Torts § 908 (Am. L. Inst. 1979))).

---

[15] These cases also demonstrate that an award of nominal damages can certainly exceed the Seventh Amendment's $20 requirement.

Finally, a claim for punitive damages provides a right to a jury trial on the issues of liability and calculation of nominal and punitive damages. *Murphy v. Am. Motors Sales Corp.*, 410 F. Supp. 1403, 1407 (N.D. Ga. 1976) ("[P]laintiff has asserted a claim for punitive damages, which is in the nature of legal relief, and, accordingly, is entitled to a jury trial to determine all issues triable at law."); *see also Davis v. Adams-Cates Co.*, No. C76-47A, 1976 WL 13210, at *5 (N.D. Ga. June 30, 1976). As Defendants concede, ECF 226-01 at 8-10, the underlying facts and relevant legal analysis controlling Defendants' liability on Pace's state law unfair competition claim mirror those that apply to Pace's federal causes of action.

Accordingly, Pace is entitled to a jury trial.[16]

---

[16] As noted in Pace's Trial Brief (ECF 162-10, 64 n. 54), the Eleventh Circuit Civil Pattern Jury Instructions make clear that a jury can also decide, or at least offer an advisory opinion on, the issue of profits along with determining actual damages. Eleventh Circuit Pattern Jury Instructions, Civil Cases, § 10.2, at 13 (2020) (setting forth instruction on "Defendant's Profits and Calculation of Profits" in trademark infringement cases). Here, the Court should submit the issue of profits to the jury because (1) all evidence regarding whether Pace is entitled to profits (e.g., evidence of willfulness and unjust enrichment) will be presented in connection with liability and Pace's legal remedies, and (2) Defendants will already be present at trial, and it would be more efficient to have them testify with respect to their gross sales and any deductions at that time (and Pace expects this testimony will be short) rather than to have a separate trial involving the same witnesses, counsel, and evidence at a later date.

**E.     At a Minimum, the Court Should Try the Issue of Liability to a Jury**

There decidedly is no *right* to a *non-jury* trial in cases where only equitable relief is sought. "The Seventh Amendment provides that in suits at common law the right of trial by jury 'shall be preserved.'" 9 Miller, *supra*, § 2317. However, "[i]t does not say that it shall not be extended to cases not covered by the Seventh Amendment, and neither this amendment, nor any other provision of the Constitution, preserves any right to a trial without a jury in proceedings that were not suits at common law." *Id.* Indeed, where no right to a jury trial exists, the Court may still exercise its discretion to empanel a jury under Fed. R. Civ. P. 39(c).

Even if the Court were to find that Pace is not entitled to a jury trial—which it should not—this is the perfect case for an advisory jury. The main issues in determining Defendants' liability for infringement and unfair competition are two-fold: (1) the protectability of Overhead Door Company of Atlanta in the relevant geographic area, which turns on "the relevant meaning of a term is its meaning *to consumers*," *USPTO v. Booking.com B. V.*, 140 S. Ct. 2298, 2304 (2020); and (2) the likelihood of confusion caused by Defendants' actions among actual and likely consumers, which again turns on the perspective of the "reasonable consumer." *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1337-38, 1342 (11th Cir. 1999) (analyzing confusion from the perspective of the "reasonable

20

consumer"); *Hard Candy*, 921 F.3d at 1364 (same). Defendant's liability for false advertising also requires a determination made from the perspective of the reasonable consumer. *E.g.*, *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018) (analyzing false advertising claim from perspective of "reasonable consumers"); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 843 F.3d 48, 66 (2d Cir. 2016) (same). Indeed, the whole crux of the consumer-focused Lanham Act (and state trademark infringement and unfair competition protections) is "to protect the ability of consumers to distinguish among competing producers." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985); *see also* 5 McCarthy, *supra*, § 27:25 ("The Congressional goal of Lanham Act § 43(a) is to protect consumers from deception caused by both trademark infringement and false advertising.").

Here, a jury panel comprised of reasonable consumers from the Greater Atlanta Area would be ideally suited to analyze those issues of liability. Courts have not hesitated to use advisory juries to decide issues in trademark infringement cases, including issues of liability. *See, e.g.*, *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126 (5th Cir. 1966) (approving of the use of an advisory jury in a remanded trial regarding trademark infringement issues); *Gateway, Inc. v. Companion Prods., Inc.*, No. CIV.01-4096-KES, 2003 WL 22508907 at *3

21

(D.S.D. Aug. 19, 2003) *modified*, No. CIV.01-4096-KES, 2003 WL 23532885

(D.S.D. Dec. 19, 2003), *and aff'd*, 384 F.3d 503 (8th Cir. 2004); *Gateway, Inc.*,

384 F.3d at 507; *Idaho Potato Comm'n v. M & M Produce Farms & Sales*, No.

7:97-CV-8125, 2010 WL 11712586, at *1 (S.D.N.Y. Feb. 17, 2010) (empaneling

an advisory jury to help determine certification mark issues); *see also Allstate Ins.*

*Co. v. Kia Motors Am., Inc.*, No. CV 16-06108 SJO (AGRx), 2017 WL 10311211,

at *11 (C.D. Cal. Sept. 20, 2017) (noting that likelihood of confusion is "the

elephant in the room" and that the "majority of circuits" find that such an analysis

"should be undertaken by a jury" important in its holding that an advisory jury was

appropriate in the current trademark case (citation omitted)); *Deere & Co. v.*

*FIMCO Inc.*, No. 5:15-CV-00105-TBR-LLK, 2016 WL 4443184, at *2-3 (W.D.

Ky. Aug. 19, 2016) (finding that while defendant was not entitled to a jury since

it's claims were equitable in nature—and had waived the right to a jury trial be

failing to timely make a jury demand—an advisory jury was appropriate as it

would "aid in deciding" the trademark dispute at issue); *cf. Hana Fin., Inc. v. Hana*

*Bank*, 574 U.S. 418, 423 (2015) (holding that "when a jury trial has been requested

and when the facts do not warrant entry of summary judgment or judgment as a

matter of law, the [the factual] question whether tacking is warranted must be

decided by a jury").

Therefore, even if the Court were to agree with Defendants regarding Pace's right to a jury trial, the Court has the ability to—and should exercise its discretion to—empanel an advisory jury.

## III.   Conclusion

For the foregoing reasons, the Court should deny Defendants' Motion to Strike Jury Demand and empanel a jury on all issues in this case.

Dated: April 12, 2021

<div style="margin-left: 40%;">

Respectfully submitted by:

*/s/ R. Charles Henn Jr.*
R. Charles Henn Jr., Ga. Bar No. 347098
Jennifer Fairbairn Deal, Ga. Bar No. 940527
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
(404) 815-6500
(404) 815-6555 (fax)
chenn@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Counsel for Plaintiff*

</div>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| |
|---|
| D. H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ATLANTA, |
| |
| Plaintiff, |
| |
| v. |
| |
| AARON OVERHEAD DOOR ATLANTA LLC, JEREMY RYAN LUCIA, and STEPHENIE LUCIA, |
| |
| Defendants. |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served via the Court's

CMF/ECF system on counsel of record.

This day of April 12, 2021.

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

Counsel hereby certifies that the foregoing was prepared in Times New

Roman, 14-point font, in accordance with LR 5.1 B, NDGa.

*s/ Jennifer Fairbairn Deal*
Jennifer Fairbairn Deal